Lin v. Lynch

BIA
Cheng, IJ
A087 916 040

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 29th day of December, two thousand fifteen.

PRESENT:
    ROBERT D. SACK,
    REENA RAGGI,
    GERARD E. LYNCH,
        *Circuit Judges.*

_____

LAN YING LIN,
        *Petitioner,*

        v.                                    13-3723
                                              NAC
LORETTA E. LYNCH, UNITED STATES
ATTORNEY GENERAL,
        *Respondent.*

_____

FOR PETITIONER:        Troy Nader Moslemi, Esq., Flushing, New York.

FOR RESPONDENT:        John D. Williams, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

1

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Lan Ying Lin, a native and citizen of China, seeks review of a September 16, 2013 decision of the BIA affirming an October 19, 2011 decision of an Immigration Judge ("IJ") denying Lin's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Lan Ying Lin*, No. A087 916 040 (B.I.A. Sept. 16, 2013), *aff'g* No. A087 916 040 (Immig. Ct. N.Y.C. Oct. 19, 2011). We assume the parties' familiarity with the underlying facts and procedural history in this case, which we reference only as necessary to explain our decision to deny the petition.

Under the circumstances of this case, "we review the decision of the IJ as supplemented by the BIA." *Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). Applying the "substantial evidence" standard, "we uphold the IJ's factual findings if they are supported by reasonable, substantial and probative evidence in the record." *Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009) (internal quotation marks omitted).

"By contrast, we review de novo questions of law and the BIA's application of law to undisputed fact." *Id.* (internal alterations and quotation marks omitted); *see also* 8 U.S.C. § 1252(b)(4).

The IJ's decision, and the BIA's affirmance, was based in part upon an adverse credibility finding against Lin. For asylum applications governed by the REAL ID Act, such as Lin's, the IJ may, considering the totality of the circumstances, base a credibility finding on an asylum applicant's demeanor, candor, or responsiveness, and on inconsistencies in her statements and other record evidence without regard to whether they go "to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii); *see Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 164 (2d Cir. 2008). Here, the totality of the circumstances, including the inconsistencies in Lin's testimony and the lack of corroborating evidence, support the IJ's adverse credibility determination.

Notably, although Lin claimed that Chinese officials arrested, detained, and beat her because she attended an underground Christian church, her testimony as to these matters was inconsistent. Thus, she first testified that she was arrested in July 2009, but later testified that she began

3

attending church in July 2009 and was arrested in August 2009. The IJ acted within his discretion in finding Lin's explanation — that she misheard the question — unpersuasive. *See Majidi v. Gonzales*, 430 F.3d 77, 80 (2d Cir. 2005). Meanwhile, inconsistency was also evident in a letter from Lin's pastor in China, which stated that Lin began attending church in July 2009, but was dated May 2001.

Lin also testified that she worked at a factory for six years, and that a friend at the factory introduced her to Christianity. This was inconsistent with the Household Register Lin submitted, which lists Lin's occupation as a farmer. Moreover, the letter from this friend makes no mention of the factory where they met. *See Xiu Xia Lin v. Mukasey*, 534 F.3d at 166 n.3 ("A lacuna in an applicant's testimony or omission in a document submitted to corroborate the applicant's testimony, like a direct inconsistency between one or more of those forms of evidence, can serve as a proper basis for an adverse credibility determination.").

As the IJ also reasonably found, Lin's failure to rehabilitate her inconsistent testimony with corroborating evidence further supported the adverse credibility determination. *See Biao Yang v. Gonzales*, 496 F.3d 268, 273

4

(2d Cir. 2007). Lin's husband did not testify or submit a letter on her behalf, although he is present in the United States, and Lin did not offer a compelling explanation for why he did not testify. *See Yan Juan Chen v. Holder*, 658 F.3d 246, 252-53 (2d Cir. 2011). Nor did Lin submit a death certificate after she claimed that it was her friend's death in a car accident that led her to the Christian faith.

Thus, because the IJ's adverse credibility finding is supported by substantial evidence, it provides an adequate basis for denying Lin asylum, withholding of removal, and CAT relief. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 167; *see also Paul v. Gonzalez*, 444 F.3d 148, 155–57 (2d Cir. 2006). We, therefore, need not review its alternative burden finding. *See INS v. Bagamasbad*, 429 U.S. 24, 25 (1976).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

5